UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

SKYLER SINGLETON                          CIVIL ACTION NO: 3:18-0932

VERSUS                                    JUDGE TERRY A. DOUGHTY

MONROE CITY MARSHAL'S OFFICE,             MAG. KAREN L. HAYES
ET AL.

## RULING

Pending before the Court is a Motion for Summary Judgment [Doc. No. 15] filed by

Defendants Wince Highshaw,  Jr., ("Marshal Highshaw") and the Monroe City Marshal's Office

("the City Marshal's Office").  Plaintiff Skyler Singleton ("Singleton") did not file an opposition

memorandum.

For the following reasons, the Motion for Summary Judgment is GRANTED.

## I.      FACTS AND PROCEDURAL BACKGROUND

Singleton was employed as a deputy by the City Marshal's Office for approximately two

(2) years, from February 2016 until on or about January 3, 2018.   Marshal Highshaw is the

Monroe City Marshal.

Singleton alleges that,  on at least two (2) separate occasions, Marshal Highshaw sexually

harassed her. Specifically, Singleton claims that shortly after she was hired, Marshal Highshaw

"commented on her bra size,  remarking that it looked small."  [Doc. No. 1, at ¶ 5].

In another incident around July 2017, Singleton alleges Marshal Highshaw invited her to

"come to his residence and work out at around 4:00 a.m.," allegedly telling her that she "would

be welcomed to bathe at his house afterward." [Doc. No. 1, ¶ 5].   Although she uses the term

"bathe" in her Complaint, Singleton described the comment in her later-filed EEOC charge and

during her deposition as an invitation to "shower" at Marshal Highshaw's house.  Singleton contends that "[b]oth of these episodes disturbed and upset" her.  *Id.*  Singleton admittedly failed to complain about either of these incidents, but contends that she did not do so out of fear of losing her job.

However, in her deposition, Singleton acknowledged that the  shower  comment  was  an isolated comment that was made in front of deputies who were present at a briefing as opposed to a comment made as a private invitation.  She further acknowledged that the shower comment was an isolated comment that was never brought up again.  Finally, she acknowledged  that Marshal  Highshaw  did  not  make  any  other comments of a sexual nature that offended her after the shower comment.  [Doc. No. 15-3, Singleton Depo., pp. 31-37].  Singleton  did  not regard  the  shower  comment  as a serious invitation for an encounter in the shower.[1]  *Id.* at pp. 36-37.

Singleton also claims that she was treated unfairly because of her sex.  Singleton alleges that  she,  along with other  female  employees, were asked to decorate for an annual Thanksgiving luncheon.  *Id.* at ¶ 6.  She contends that no male employees were asked to decorate.  *Id.*  All employees were required to contribute $200.00 to this luncheon, but when she was unable to do so, she was told she would not be allowed to attend and would not be given the ostensible "honor" of even decorating for the event.  *Id.*

On January 3, 2018, Singleton alleges that she was terminated by the Monroe City Marshal's Office.

---

[1] At one point, Singleton claimed that Marshal Highshaw invited her to shower with him, but that statement is inconsistent with her allegations to the EEOC and in her Complaint.  [Doc. No. 15-3, Singleton Depo., pp. 31-37].  At any rate, she admits that she did not think it was serious invitation for a sexual encounter.  *Id.* at pp. 36-37.

On April 2, 2018, Singleton filed an EEOC charge alleging sex discrimination.  The only incidents Singleton complained of in the charge were (i) the February 2016 bra comment, and (ii) the July 2017 comment about working out.  Singleton's claims were limited to sex discrimination.

On April 16, 2018, the  EEOC issued its Dismissal and Notice of Rights, which contained the standard notation that its  investigation was unable to conclude that the information obtained established the violation of the relevant statutes.  On  July 16, 2018, Singleton filed the instant suit, naming the City Marshal's Office and Marshal Highshaw,  in his official capacity, as defendants.

Singleton alleges that she "was  fired  from  her  job  for  resisting  a  hostile  work environment  and  the  sexual  harassment" from Marshal Highshaw.  [Doc. No. 1, ¶ 4].  She further alleges that she "was treated unfairly  because of  her  sex." *Id.* at ¶ 6.  She asserts claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.* ("Title VII") and 42 U.S.C. §1983. Singleton contends that the acts complained of "form the basis of jurisdiction and constitute sexual discrimination under Title  VII . . .  and  intentional infliction of emotional distress." *Id.* at  ¶ 9.

On April 9, 2020, Defendants filed the instant motion, moving for summary judgment on all claims.  The Court issued a Notice of Motion Setting [Doc. No. 16] under which an opposition was due to this motion on May 4, 2020.  No opposition was filed.

The motion is ripe, and the Court will now rule.

## II.    LAW AND ANALYSIS

### A.  Summary Judgment Standard

Summary judgment is appropriate when the evidence before a court shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).  A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case.  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).  A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party.  *Id.*

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting *Anderson*, 477 U.S. at 247).  "The moving party may meet its burden to demonstrate the absence of a genuine issue of material fact by pointing out that the record contains no support for the non-moving party's claim." *Stahl v. Novartis Pharm. Corp.,* 283 F.3d 254, 263 (5th Cir. 2002).  Thereafter, if the non-movant is unable to identify anything in the record to support its claim, summary judgment is appropriate. *Id.*  "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).1

In evaluating a motion for summary judgment, courts "may not make credibility determinations or weigh the evidence" and "must resolve all ambiguities and draw all permissible inferences in favor of the non-moving party." *Total E & P USA Inc. v. Kerr–McGee Oil and Gas Corp.*, 719 F.3d 424, 434 (5th Cir. 2013) (citations omitted).  While courts will

"resolve factual controversies in favor of the nonmoving party," an actual controversy exists only "when both parties have submitted evidence of contradictory facts."  *Little v. Liquid Air. Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994).  To rebut a properly supported motion for summary judgment, the opposing party must show, with "significant probative evidence," that a genuine issue of material fact exists.  *Hamilton v. Segue Software, Inc*., 232 F.3d 473, 477 (5th Cir. 2000) (emphasis added).  "'If the evidence is merely colorable, or is not significantly probative,' summary judgment is appropriate."  *Cutting Underwater Tech. USA, Inc. v. Eni U.S. Operating Co*., 671 F.3d 512, 517 (5th Cir. 2012) (quoting *Anderson,* 477 U.S. at 248).

Relatedly, there can be no genuine dispute as to a material fact when a party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp.,* 477 U.S. at 322-23.  This is true "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  *Id*. at 323.

Under Local Rule 56.2, "[a]ll material facts set forth in the [moving party's] statement . . . will be deemed admitted, for purposes of the motion [for summary judgment], unless controverted as required by this rule."  Thus, Defendants' statement of undisputed material facts [Doc. No. 15-2] is deemed admitted.

**B.  Title VII claims against Marshal Highshaw**

First, to the extent that Singleton asserts Title VII claims against Marshal Highshaw, Defendants seek summary judgment.

Title VII makes it "an unlawful employment practice for an  employer  . . .  to discriminate  against  any  individual  with  respect  to  his  compensation,  terms, conditions,  or

privileges of employment, because of such individual's ... sex." 42 U.S.C. § 2000e-2(a)(1). Title

VII imposes liability only on "employers." As the Fifth Circuit has explained,

> While Title VII defines the term employer to include "any agent" of an employer, id. § 2000e(b), this circuit does not interpret the statute as imposing individual liability for such a claim. *See Pfau v. Reed*, 125 F.3d 927, 935-36 (5th Cir. 1997). . . Congress's purpose in extending the definition of an employer to encompass an agent in Section 2000e(b) was simply to incorporate respondeat superior liability into Title VII. *Grant v. Lone Star Co.*, 21 F.3d 649, 652 (5th Cir. 1994); *see also Miller v. Maxwell's Int'l Inc*., 991 F.2d 583, 587 (9th Cir. 1993). Thus, a Title VII suit against an employee is actually a suit against the corporation.

*Indest v. Freeman Decorating, Inc*., 164 F.3d 258, 262 (5th Cir. 1999*); see also Ackel v.*

*National Communications, Inc.*, 339 F.3d 376, 382 n.1 (5th Cir. 2003) ("Individuals are not

liable under Title VII in either their individual or official capacities. . . Accordingly, the district

court properly dismissed the claims against Hardesty and Hamilton."). Defendants' Motion for

Summary Judgment on the Title VII claims against Marshal Highshaw is GRANTED, and those

claims are DISMISSED WITH PREJUDICE.

## C. Title VII Claims Against the City Marshal's Office

Singleton also asserts Title VII claims against her former employer, the City Marshal's

Office. Defendants move for summary judgment on several bases.

### 1. Timeliness of Bra Comment

Generally, the limitations period for filing a charge of discrimination under Title VII is

180 days "after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e)(1).

The period is extended to 300 days in states that provide a state or local agency to address

complaints of employment discrimination. See 42 U.S.C. § 2000e-5(e)(1). These states are

known as deferral states, and states without such an agency are known as non-deferral states.

Louisiana is a deferral state, so Singleton had 300 days to file her EEOC charge. Singleton filed

an EEOC charge on April 2, 2018, within 300 days of both her termination on January 3, 2018,

and the alleged shower comment in July 2017.[2]  The alleged bra comment, which was made in

2016, is outside the 300-day period.  For this reason, Defendants contend that it cannot be

considered.

However, Singleton asserts a hostile work environment claim.  "Hostile environment

claims are different in kind from discrete acts. Their very nature involves repeated conduct."

*National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 115 (2002).  Thus, as long as one act

constituting part of, or contributing to, the hostile work environment occurred during the relevant

time period, the City may be liable for the entire scope of conduct.  *Id.* at 118 ("Given, therefore,

that the incidents constituting a hostile work environment are part of one unlawful employment

practice, the employer may be liable for all acts that are part of this single claim.  In order for the

charge to be timely, the employee need only file a charge within 180 or 300 days of any act that

is part of the hostile work environment."); *see also id.* at 117 ("Provided that an act contributing

to the claim occurs within the filing period, the entire time period of the hostile environment may

be considered by a court for the purposes of determining liability.").  As Singleton alleges a

second timely inappropriate comment, the Court may consider the entire scope of Marshal

Highshaw's alleged harassment.

Additionally, a charge that is not timely filed with the EEOC (or a state or local agency),

even if not actionable, may be used as background evidence supporting a timely claim of

discrimination.  *See Morgan*, 536 U.S. at 113 (holding that prior discrete discriminatory acts that

are untimely filed are no longer actionable, but may be used "as background evidence in support

of a timely claim.").  Thus, while Singleton may not pursue a claim of discrimination or

_____

[2]It is not clear what day in July 2017 Marshal HIghshaw allegedly made the shower comment.  However, even if he made the comment on July 1, 2017, Singleton had until April 27, 2018, to file an EEOC charge.

retaliation based on the 2016 alleged bra comment, that claim may serve as background to elucidate her discrimination and retaliation claims.

### 2. Hostile Work Environment

Having determined that the entire scope of Marshal Highshaw's conduct should be considered for purposes of Singleton's hostile work environment claim, the Court must now determine whether Singleton has raised a genuine issue of material fact for trial based on that conduct.

A plaintiff must establish that (1) she belongs to a protected class; (2) she was subjected to unwelcome sexual harassment; (3) the harassment was based on sex; (4) the harassment affected a term, condition, or privilege of employment; and (5) the employer knew or should have known of the harassment and failed to take remedial action. *See Green v. Administrators of the Tulane Educational Fund,* 284 F.3d 642, 655 (5th Cir. 2002); *Woods v. Delta Beverage Group, Inc*., 274 F.3d 295, 298-99 (5th Cir. 2001); *see also Frank v. Xerox Corp*., 347 F.3d 130 (5th Cir. 2003); *Brooks v. Firestone Polymers, L.L.C.,* 640 F. App'x 393, 399 (5th Cir. 2016).  If "the harassment is allegedly committed by a supervisor with immediate (or successively higher) authority over the harassment victim," then the plaintiff need not establish the fifth element. *Celestine v. Petroleos de Venezuella SA*, 266 F.3d 343, 353-54 (5th Cir. 2001).  Since Marshal Highshaw was clearly a supervisor, Singleton need only show the first four elements.

With regard to the fourth prong, under a *quid pro quo* theory, the plaintiff relies upon a tangible employment action to show that the harassment altered a term or condition of her employment. *Thompson v. Naphcare, Inc*., 117 Fed. Appx. 317, 321 (5th Cir. 2004).  The plaintiff must also show some nexus between the alleged harassment and the tangible employment action.  *See La Day v. Catalyst Technology, Inc*., 302 F.3d 474, 482 (5th Cir. 2002)

("[B]ecause [plaintiff] failed to demonstrate the necessary causal 'nexus' between his refusal of [his supervisor's] alleged advances and the claimed adverse actions," plaintiff could not survive summary judgment.)

Defendants contend that Singleton cannot meet her required showing that the alleged harassment affected a term, condition, or privilege of employment. Singleton originally alleged in her Complaint that she "was fired from her job for resisting a hostile work environment and the sexual harassment she received from . . . Marshal [Highshaw]." [Doc. No. 1, ¶ 4]. Thus, initially it appeared that she was proceeding under a quid pro quo theory.

However, during her deposition, Singleton did not relate her termination to the bra and shower comments, but to her failure to participate in decorating for the Thanksgiving luncheon. Under these circumstances, the Court will proceed to analyze her claim of sexual harassment under the hostile work environment theory.

Under a hostile work environment theory, the plaintiff is not required to show that she suffered a tangible employment action, but that the conduct of the alleged harasser was severe or pervasive enough to alter a term or condition of her employment. *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 752 (1998); *see also Harvill v. Westward Communications, L.L.C.*, 433 F.3d 428, 434-35 (5th Cir. 2005) (A plaintiff need only show that conduct was severe or pervasive, not both. "Title VII does not reach 'conduct that is merely offensive'—it proscribes only an environment that a reasonable person would find hostile or abusive." *Matherne v. Ruba Mgmt.*, 624 F. App'x 835, 839 (5th Cir. 2015 (citation omitted). As confirmed repeatedly by the Fifth Circuit, "[s]imple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to [actionable discrimination]." *Id*. (quoting *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998)); *accord Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337,

9

348 (5th Cir. 2007); *accord Hockman v. Westward Comm'ns, LLC*, 407 F.3d 317, 328 (5th Cir. 2004).

Additionally, the work environment must have been "both objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and one that the victim in fact did perceive to be so." *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644 (5th Cir. 2012).

To determine whether a workplace is a hostile work environment, courts must consider the "frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Faragher*, 524 U.S. at 787-88. Conduct that is neither severe nor pervasive cannot support a sexual harassment claim. *Stewart v. Mississippi Transp. Com'n,* 586 F.3d 321, 331 (5th Cir. 2009).

In this case, the comments, even if true, are neither severe, nor were they so frequent to constitute pervasive sexual harassment.  Certainly, the bra comment was offensive and crude, but that comment alone does constitute a hostile work environment.  Further,  Singleton has clarified that she did not believe the shower comment was actually an invitation of a sexual nature, and, again, at best, it was suggestive.  When considered together, two crude and/or suggestive comments over a two-year period do not rise to the level of an actionable hostile work environment.  Thus, Defendants' Motion for Summary Judgment on Singleton's hostile work environment claims is GRANTED, and that claim is DISMISSED WITH PREJUDICE.

### 3.     Sex Discrimination

Defendants also move for summary judgment on Singleton's claim of sex discrimination under a disparate treatment theory.

To establish a *prima facie* case of discrimination, the plaintiff must either present direct evidence of discrimination or, in the absence of direct evidence, rely on circumstantial evidence using the *McDonnell Douglas* burden-shifting analysis. Under *McDonnell Douglas*, the plaintiff carries the burden to prove that (1) she belongs to a protected class; (2) she was qualified for the position at issue; (3) she was the subject of an adverse employment action; and (4) she was replaced by someone outside her protected class or was treated less favorably than other similarly situated employees outside her class. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); s*ee also Lee v. Kan. City S. Ry. Co.*, 574 F.3d 253, 259 (5th Cir. 2009).

If a plaintiff establishes a prima facie case, the burden shifts to the employer to offer a legitimate, nondiscriminatory reason for the adverse-employment action. *McDonnell Douglas*, 411 U.S. at 802.  If the employer meets its burden of production, the presumption of discrimination disappears, and the burden shifts back to the plaintiff to show either that the proffered reason was a pretext for discrimination, or that the plaintiff's protected status was another motivating factor for the decision. *Alvarado v. Tex. Rangers*, 492 F.3d 605, 611 (5th Cir. 2007). To overcome a legitimate, nondiscriminatory reason for termination, the plaintiff must show something beyond disagreement with the employer's decision. *Bryant v. Compass Grp. USA Inc*., 413 F.3d 471, 478 (5th Cir. 2005) ("Disparate treatment of similarly situated employees is one way to demonstrate unlawful discrimination and retaliation.").

At least for purposes of summary judgment, the Court assumes that Singleton can meet the first three prongs: she is a woman who was qualified to perform the position for which she was hired, and she was terminated.  The dispute focuses on the fourth prong, whether male employees similarly situated were more favorably treated.  To demonstrate that an employee outside the protected class is "similarly situated," a plaintiff must show that the supposed

11

misconduct of both employees was "nearly identical." *Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 221 (5th Cir. 2001).

In this case, Singleton contends that she was "terminated because I did not pay for a Thanksgiving luncheon." [Doc. No. 15-3, Singleton Deposition, p. 66]. She has pointed to no evidence that a male employee failed to pay for the luncheon, but was allowed to remain employed by the City. Further, Defendants have produced evidence that two other female employees, Michelle Turner and Heather Turner, did not contribute to the Thanksgiving luncheon and were not terminated.[3] Thus, Singleton has failed to meet her burden as to the fourth prong.

Moreover, even if she met her *prima facie* burden, Defendants have produced a legitimate, non-discriminatory reason for her termination. The City Marshal's Office derives its revenue from two primary sources, which are (1) the City of Monroe, and (2) fees generated for work performed in connection with the Monroe City Court (e.g., evictions, service of process, seizures). [Doc. No. 15-4, Affidavit of Highshaw, at ¶ 5]. Over the last several years, pre-dating Ms. Singleton's employment, the City Marshal's Office has suffered from declining revenues. *Id.* at ¶ 15. Auditors advised after a 2016 audit that budgetary issues had to be addressed, or an administrator would have to take over the office's financial affairs. *Id.* at ¶ 16. The City Marshal's Office was also indebted to the City of Monroe for monies that had been advanced/loaned to address budget shortfalls. *Id.* at ¶ 17. Initially, Marshal Highshaw reduced each route deputy's special pay from $950 per month to $700 per month. *Id.* at ¶ 18.

---

[3]Defendants assert that Singleton then tried to claim in her deposition that her termination was race-based, but she raised no claim of race discrimination or harassment in this lawsuit, and thus the Court need not address this issue.

However, the City of Monroe continued to experience a decline in sales tax revenue and projected a $4,000,000 deficit for 2018. The City of Monroe instructed all departments, including the City Marshal's Office, to reduce expenses for the upcoming fiscal year. The City of Monroe targeted eliminating 26 employees. *Id.* at ¶ 19.

Compounding the budget issues facing the Monroe City Marshal's Office was the decline in revenue it received from the Monroe City Court due to a decrease in court filings. *Id.* at ¶ 20. To address these issues, Marshal Highshaw was forced to reduce the workforce by terminating two (2) route deputies. *Id.* at ¶ 21. The last three (3) route deputies hired at the City Marshal's Office were Michelle Shepherd, Singleton, and Heather Turner, all females. *Id.* at ¶ 22.

Marshal Highshaw reviewed the work performance and efficiency of each of the three deputies and spoke to their supervisor to further evaluate their value to the City Marshal's Office. *Id.* at ¶ 23. After considering all relevant factors, Marshal Highshaw elected to terminate Michelle Shepherd and Singleton.

Because Defendants met their burden of production, Singleton was required to produce evidence raising a genuine issue of material fact for trial that the reasons offered were pretext for sex discrimination or false. She has not met this burden by failing to respond, and it is difficult to imagine how she would in light of the fact that three most newly hired deputies were all female. The Court finds that Singleton has failed to present a *prima facie* case of sex discrimination and that, alternatively, she has failed to produce evidence the City's legitimate, non-discriminatory reasons for her termination are pretextual. Accordingly, Defendants' Motion for Summary Judgment is GRANTED on Singleton's sex discrimination claim, and that claim is DISMISSED WITH PREJUDICE.

### 4.      Retaliation

Defendants also move for summary judgment on Singleton's claim of retaliation under

Title VII.

> Title VII's anti-retaliation provides as follows:
>
> It shall be an unlawful employment practice for an employer to
> discriminate against any of his employees or applicants for employment ⋯
> because he has opposed any practice made an unlawful employment practice by
> this subchapter, or because he has made a charge, testified, assisted, or
> participated in any manner in an investigation, proceeding, or hearing under this
> subchapter.

42 U.S.C. § 2000e-3(a).

As with any other Title VII claim, a plaintiff is required to exhaust her administrative

remedies by filing an EEOC charge.  As the Fifth Circuit has instructed:

> To determine whether a Title VII claim has been exhausted, we construe the
> EEOC charge in its broadest reasonable sense and ask whether the claim "can
> reasonably be expected to grow out of the charge of discrimination.". . . .
> Although "[v]erbal precision and finesse [in the charge] are not required," a Title
> VII lawsuit can include only those allegations that are "like or related to [those]
> allegation[s] contained in the [EEOC] charge and growing out of such allegations
> during the pendency of the case before the Commission."

*Davenport v. Edward D. Jones & Co., L.P.,* 891 F.3d 162, 167 (5th Cir. 2018) (quoting

*Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970)).

Although she filed the EEOC charge after her termination, Singleton never alleged

retaliation in that charge.  She checked only the box for sex discrimination and recounted only

the bra and shower comments.

Moreover, even assuming *arguendo* that retaliation could reasonably be expected to grow

out of the EEOC's investigation, Singleton has failed to raise a genuine issue of material fact for

trial on this claim.

To support a claim of retaliation, a plaintiff much show that (1) she engaged in activity protected by Title VII; (2) the employer took adverse employment action against the her; and (3) a causal connection exists between that protected activity and the adverse employment action. *See Mattern v. Eastman Kodak Co.,* 104 F.3d 702, 705 (5th Cir. 1997).  In a retaliation case, the Supreme Court has instructed that a plaintiff has suffered adverse employment action if she can show "that a reasonable employee would have found the challenged action materially adverse, 'which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination.'"  *Burlington Northern and Santa Fe Ry. Co. v. White,* 548 U.S. 53, 68 (2006) (internal quotation marks omitted) (quoting *Rochon v. Gonzales,* 438 F.3d 1211, 1217-1218 (D.C. Cir. 2006) (other quotation omitted)).

Singleton cannot meet her burden because she has presented no evidence that she engaged in protected activity.  She did not participate in any "investigation, proceeding or hearing" prior to her termination.  Therefore, she can only show that she engaged in protected activity by reporting or somehow otherwise opposing Marshal Highshaw's alleged harassment. She admittedly failed to report the conduct, and she has not presented evidence of any other method of opposing such conduct.  Accordingly, Defendants' Motion for Summary Judgment on Singleton's retaliation claim is also GRANTED, and this claim is DISMISSED WITH PREJUDICE.

### D.  Intentional Infliction of Emotional Distress

Defendants also move for summary judgment on Singleton's claim of intentional infliction of emotional distress under state law.

A claim of intentional infliction of emotional distress is brought under Louisiana Civil

Code article 2315.  This cause of action was first recognized in *White v. Monsanto*, 585 So.2d

1205 (La. 1991).  In that case, the Louisiana Supreme Court explained:

> One who by extreme and outrageous conduct intentionally causes severe
> emotional distress to another is subject to liability for such emotional distress, and
> if bodily harm to the other results from it, for such bodily harm.
>
> Thus, in order to recover for intentional infliction of emotional distress, a
> plaintiff must establish (1) that the conduct of the defendant was extreme and
> outrageous; (2) that the emotional distress suffered by the plaintiff was severe;
> and (3) that the defendant desired to inflict severe emotional distress or knew that
> severe emotional distress would be certain or substantially certain to result from
> his conduct.

*Id.* at 1209-10 (internal citations omitted).  The mere fact of termination alone, even if for

unlawful reasons, is not sufficient to constitute the type of outrageous conduct required for a

finding of liability.  *See, e.g., Wilson v. Monarch Paper Co*., 939 F.2d 1138, 1144 (5th Cir. 1991)

("We agree . . . that more is required to prove intentional infliction of emotional distress than the

usual ADEA claim.") (quoting *Dean v. Ford Motor Co*., 885 F.2d 300 (5th Cir. 1989)).

The Court finds that Singleton's allegations are not sufficiently  outrageous as to permit

her recovery.  Two crude or suggestive comments  and the exclusion from a decorating

committee do not constitute the type of extreme conduct required under *White*.  Therefore,

Defendants' Motion for Summary Judgment on Singleton's intentional infliction of emotional

distress claims is GRANTED, and this claim is DISMISSED WITH PREJUDICE.

### E.  Section 1983

Finally, Defendants move for summary judgment on Singleton's claim under 42 U.S.C. §

1983.

Section 1983 provides that any person who, under color of state law, deprives another of

"any rights, privileges or immunities secured by the Constitution and laws shall be liable to the

party injured." 42 U.S.C. § 1983.  The Fifth Circuit has stated that "Sex discrimination and sexual harassment in public employment violate the Equal Protection Clause of the Fourteenth Amendment." *Southard v. Tex. Bd. of Crim. Justice,* 114 F.3d 539, 550 (5th Cir. 1997) (citing *Meritor Savings Bank v. Vinson,* 477 U.S. 57, 67, 106 S.Ct. 2399, 2405, 91 L.Ed.2d 49 (1986); *Davis v. Passman*, 442 U.S. 228, 234–35, 99 S.Ct. 2264, 2271, 60 L.Ed.2d 846 (1979); *Pontarelli v. Stone*, 930 F.2d 104, 114 (1st Cir.1991)).  Thus, a claim for "sex discrimination and sexual misconduct assert claims under sections 1983 . . . that are not preempted by Title VII." 114 F.3d at 550.   The "inquiry into intentional discrimination is essentially the same for individual actions brought under § 1983 and Title VII."  *Lauderdale v. Texas Dept. of Criminal Justice, Institutional Div.,* 512 F.3d 157, 165 (5th Cir. 2007).

However, with respect to a claim against a municipality or a department of a municipality such as the City Marshal's office, "liability under section 1983 requires proof of three elements: a  policymaker;  an official policy;  and a violation of constitutional rights whose 'moving  force' is  the  policy  or custom."  *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (citing *Monell v. Dep't. of Social Servs.*, 436 U.S. 658, 694 (1978)).  Consequently, even if a plaintiff can establish unconstitutional conduct—in this case, an Equal Protection violation based on sexual harassment or sex discrimination—that conduct "must be directly attributable to  the municipality through some sort of official action or imprimatur."  *Id.* (citations omitted).

In the instant case, for the reasons previously stated, Singleton cannot meet the threshold element of proving a constitutional  deprivation, nor has she produced evidence to raise a genuine issue of material fact for trial that she suffered a deprivation pursuant  to  an  official custom  or  policy.  Accordingly, Defendants' Motion for Summary Judgment on Singleton's §1983 claim is GRANTED, and this claim is DISMISSED WITH PREJUDICE.

**III.   CONCLUSION**

For the foregoing reasons, Defendants' Motion for Summary Judgment [Doc. No. 15] is

GRANTED, and Singleton's claims are DISMISSED WITH PREJUDICE.

MONROE, LOUISIANA, this the 29th day of May, 2020.

TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE